IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie S. Merriweather, # 240382,<br><br>           Plaintiff,<br><br>v.<br><br>Cecilia Reynolds, Warden of Kershaw Correctional Institution; Jon E. Ozmint, Director of SCDC; Dennis Patterson, Director of Inmate Records State Classification SCDC; Linda M. Coley, LPN; Doris A Cooke, of Medical Health Cares; Lt. James Jefferson, of Kershaw Correctional Institution; Cheryl Long, Case Manager; Jeanie Baker; James Wakeley; and Teresa Levy, in their individual and official capacities for money damages,<br><br>           Defendants. | C.A. No.: 2:07-3418-PMD-RSC<br><br>**ORDER** |

      This matter is before the court upon the recommendation of the Magistrate Judge to dismiss the Plaintiff's above-captioned case without prejudice and without issuance of service of process. The record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On December 6, 2007, Plaintiff filed timely objections to the R&R.

## BACKGROUND

      Plaintiff ("Plaintiff" or "Merriweather") is an inmate with the South Carolina Department

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

of Corrections ("SCDC") serving a nine-year sentence of imprisonment for second-degree burglary (non-violent) at the Kershaw Correctional Institution. Plaintiff is proceeding *pro se*. On October 18, 2007, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The "Statement of Claim" portion of Plaintiff's Complaint reveals that this civil rights action arises out of: the use of pepper spray on the Plaintiff on February 13, 2006; an institutional disciplinary charge that adversely affected the Plaintiff's parole hearing; the Plaintiff's custody level; SCDC's failure to grant the Plaintiff's request for transfer to another SCDC prison; and SCDC prison disciplinary proceedings.

The Magistrate Judge filed an R&R on November 19, 2007, recommending that this Court (1) deny Plaintiff's request to proceed without prepayment of filing fee and (2) dismiss Plaintiff's Complaint without prejudice because Plaintiff has filed more than three frivolous cases in this Court and did not sufficiently allege imminent danger of serious physical injury to permit him to proceed *in forma pauperis*. Following the Magistrate Judge's R&R, Plaintiff filed fifteen written objections.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## ANALYSIS

Although Plaintiff filed Objections to the Magistrate Judge's R&R, he also filed a Motion to Amend Complaint on January 1, 2008. Rule 15(a)(1) of the Federal Rules of Civil Procedure states,

> **(a) Amendments Before Trial.**
> **(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course:
> **(A)** before being served with a responsive pleading; or
> **(B)** within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

This Motion to Amend Complaint is Plaintiff's first motion to amend, and no responsive pleadings have been filed in this case.

In *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004), the Eleventh Circuit addressed the issue of "whether a prisoner, who seeks to file a complaint *in forma pauperis*, is barred by the [Prison Litigation Reform Act (PLRA)] from amending his complaint before either a responsive pleading or an order of dismissal has been filed." *Brown*, 387 F.3d at 1346. The Magistrate Judge in *Brown* recommended the complaint be dismissed without prejudice because the plaintiff had at least three strikes for filing meritless lawsuits and had not shown he was in imminent danger at the time he filed his complaint. *Id*. at 1347. The plaintiff filed timely objections and filed a motion to amend his complaint, arguing that he suffered and continues to suffer as a result of the withdrawal of treatment for HIV and hepatitis. *Id*. The district court denied the plaintiff's motion to amend, despite the fact that no responsive pleading had been filed, concluding his complaint was subject to dismissal under the PLRA. *Id*. The Eleventh Circuit determined the district court erred in denying the motion to amend:

> Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint

3

> "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). On July 9, 2003, before any responsive pleadings had been filed, but after the magistrate judge filed his report and recommendation, Brown filed a motion to amend his complaint. The motion was denied on the ground that the original complaint was subject to dismissal under section 1915.
> 
> This Court has previously determined that "[s]ection 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed. R. Civ. P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). . . . Nothing in the language of sections 1915(g) and 1915A differs from section 1915(e)(2)(B)(ii) such that the court should not allow prisoners the same benefit of Rule 15(a) as any other litigant.

*Id*. at 1348. The court concluded that the plaintiff in *Brown* had the right to amend his complaint: "Nothing in the language of the PLRA repeals Rule 15(a). Because [the plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [he] had the right to amend his complaint under Rule 15(a)." *Id*. at 1349. It was thus held an abuse of discretion to deny the motion to amend. *Id*.

In the case *sub judice*, Plaintiff has not attached a proposed Amended Complaint. However, Rule 15(a) affords Plaintiff the right to amend his Complaint as no responsive pleading has been filed. The court therefore grants Plaintiff's Motion to Amend. In light of the court's ruling on this motion, the court concludes the R&R is premature and remands the matter back to the Magistrate Judge for further consideration after Plaintiff files his Amended Complaint.[2]

---

[2]The court does not adopt the R&R in light of its ruling on the Motion to Amend.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Motion to Amend Complaint is **GRANTED**. The court **INSTRUCTS** Plaintiff Willie Merriweather to file an **AMENDED COMPLAINT** with the court within **THIRTY (30) DAYS** and **REMANDS** this matter to the Magistrate Judge.

    **AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**February 25, 2008**