UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2008 MAR 12 P 3: 38

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Willie S. Merriweather, # 240382, | ) C/A No. 2:07-3418-PMD-RSC |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Cecilia Reynolds, Warden of Kershaw Correctional Institution; | ) |
| Jon E. Ozmint, Director SCDC; | ) |
| Dennis Patterson, Director of Inmate Records; | ) [text begins on following page] |
| Lt. James Jefferson, of Kershaw Correctional Institution; | ) |
| Cheryl L. Long, Case Manager of Classification; | ) |
| Jeannie Baker, Officer of Classification; | ) |
| Towanda Newman, Sergeant at Kershaw Correctional Institution; | ) |
| Angela Haldins, Institutional Grievance Coordinator (IGC); | ) |
| Linda Maggie Coley, LPN; | ) |
| Doris A. Cooke, Administrator of Medical Health Care Facility; | ) |
| James S. Wakeley, of Contraband at Kershaw Correctional Institution; | ) |
| Dr. Gerald Richmond, of Image Care; | ) |
| NFN Robinson, Sergeant of Kershaw Correctional Institution; | ) |
| Vernon Tucker, Principal Assistant of Kershaw Correctional Institution; | ) |
| Anne Seller, DHO of Columbia; | ) |
| David Beckwith, Associate Warden of Kershaw Correctional Institution; | ) |
| Shirley Sanders, of Kershaw; and | ) |
| Debra Barnwell, Supervisor of Internal Affairs; | ) |
| in their individual and official capacities, | ) |
| Defendants. | ) |

1

## *Background of this Case*

The plaintiff is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC). The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff is serving a nine-year sentence for second-degree burglary (non-violent). The plaintiff's projected release date is February 3, 2011, but the plaintiff is eligible for parole on May 9, 2008.

This civil rights action is before the undersigned United States Magistrate Judge on remand from the District Court. In a Report and Recommendation filed in this case on November 19, 2007, the undersigned recommended that the above-captioned case be dismissed *without prejudice* and without issuance and service of process because the plaintiff, who is "struck out" under the Prison Litigation Reform Act's "three strikes" rule, was not in imminent danger of serious physical injury.

The plaintiff was advised of his right to file timely written objections to the Report and Recommendation. The plaintiff filed timely written objections and later filed a motion to amend. On February 25, 2008, the Honorable Patrick Michael Duffy, United States District Judge, granted the motion to amend and remanded the matter to the undersigned. On March 10, 2008, the plaintiff filed his amended complaint.

The plaintiff has brought suit against various officials of the Kershaw Correctional Institution and the South Carolina Department of Corrections. The "STATEMENT OF CLAIM" portion of the amended § 1983 complaint reveals that this civil rights action arises out of the failure to provide medical care to the plaintiff in 2006, an allegedly illegal transfer of the plaintiff to the Turbeville Correctional Institution in 2006, the use of "gas" (chemical munition) against the plaintiff in 2006, which allegedly injured the plaintiff's eyes, the changing of information in the plaintiff's SCDC institutional record in 2007, criminal charges brought against the plaintiff in Edgefield County and in Richmond County (Augusta), Georgia, in 2005,[1] and prison disciplinary proceedings in October of 2007. In his prayer for relief, the plaintiff seeks deletion of administrative disciplinary charges, dismissal of his pending criminal charges in Georgia and in South Carolina, restoration of his privileges and good time credits, and $2,000,000 for the loss of vision caused by the use of the gas (chemical munition), damages for emotional distress, and injunctive relief.

---

[1] Some of the plaintiff's numerous exhibits refer to a criminal charge brought in Richmond County (Augusta), Georgia, in April of 2005. The charge was possession of a firearm by a convicted felon.

## Discussion

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S. Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The above-captioned case is subject to dismissal under the so-called "three strikes" rule in the Prison Litigation Reform Act. It can be judicially noticed that the plaintiff has filed more than three prior frivolous cases in this court. *See, e.g.*, 28 U.S.C. § 1915(g); and *Green v. Nottingham*, 90 F.3d 415, 417-420 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively). The cases in which "strikes" have been entered against the plaintiff are Civil Action No. 8:97-2082-PMD-WMC, Civil Action No. 6:97-2132-PMD-WMC, Civil Action No. 6:97-3149-PMD-WMC, Civil Action No. 6:97-3150-PMD-WMC, and Civil Action No. 6:97-3178-PMD-WMC. *See* Order (Entry No. 89) of

5

March 21, 2000, by the Honorable Patrick Michael Duffy, United States District Judge, in *Willie Merriweather v. Michael Moore, et al.*, Civil Action No. 6:97-2132-PMD-WMC, at pages 7-8 & n. 3.

This court may take judicial notice of Civil Action No. 6:97-2132-PMD-WMC and the other cases in which strikes have been entered. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

It must also be noted that the "three-strikes" rule is a Congressional enactment that applies nationwide, and was not a judicially-created rule. The Congress, however, has determined that prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v.*

*Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973)(*paraphrasing* Job 1:21 (Authorized Version of 1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."). Even so, this case is not the first instance where new laws have affected plaintiffs. *See also* statutes changing altering statutes of limitations, such as those at issue in the case entitled *In Re TMI* [Three-Mile Island Litigation], 89 F.3d 1106 (3rd Cir. 1996), *cert. denied*, *Aldrich v. General Public Utilities Corp.*, 519 U.S. 1077 (1997) (upholding amendments to Price-Anderson Act retroactively applying two year limitations period to plaintiffs who filed suit under then-applicable six-year statute of limitations). *Cf. Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283 (9th Cir. 1997) ("Congress giveth and it taketh away."); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993) ("As Congress giveth, Congress taketh away."); and *Mirabal v. GMAC*, 537 F.2d 871 (7th Cir. 1976).[4] The plaintiff, however, is clearly subject to the Prison Litigation Reform Act (PLRA) because

---

[4]Unrelated portions of the holding in *Mirabal v. GMAC* — whether interest rate increases constituted new transactions and how many recoveries were allowed for separate violations of the Truth in Lending Act — were superannuated by statutory changes made to the Truth in Lending Act in 1980. *See* the Truth in Lending Simplification and Reform Act of 1980, 94 U.S.Stat. 168 (1980), which is cited in *Brown v. Marquette Savings and Loan Assn.*, 686 F.2d 608 (7th Cir. 1982), which overruled, in part, *Mirabal v. GMAC*.

the amended complaint was filed more than eleven years after the enactment of the PLRA on April 26, 1996.

The Congress has determined that prisoners subject to the "three strikes" rule have no remedy for actions that do not place them under the imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883 (5th Cir.1998) (to avoid bar under imminent danger exception to "three-strikes" provision, prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint):

> The district court found that Banos had filed at least four prior actions that had been dismissed as frivolous, that he had not alleged that he was in imminent danger of serious bodily injury and therefore dismissed his complaint pursuant to 28 U.S.C. § 1915(g). The dismissal order does not mention Banos' allegation of "immediate physical injury."
>
> Banos filed a notice of appeal and an application to proceed IFP on appeal. The magistrate judge assessed a partial filing fee and allowed Banos to proceed IFP on appeal.
>
> ANALYSIS
>
> The district court's determination that § 1915(g) bars Banos from proceeding IFP in a civil action seems incongruous with the grant of leave to appeal IFP. Section 1915(g) provides:
>
>> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court did not err in finding, and Banos does not contest the fact, that he has had at least three dismissals on the basis of frivolousness. *See Banos v. Caldwell*, No. 97-40186 (5th Cir. Aug. 15, 1997) (unpublished); *Banos v. Gail*, No. 97-40466 (5th Cir. Aug. 15, 1997) (unpublished); *Banos v. Brown*, No. 97-40468 (5th Cir. Aug. 15, 1997) (unpublished).

In light of these three "strikes," Banos cannot proceed on appeal IFP unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (1996). This case requires us to determine what showing must be made by a plaintiff who asserts that he should be allowed to proceed IFP because he is in imminent danger of serious physical injury. The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. See § 1915(g).

The only other circuit that has addressed this issue came to a different conclusion. The Third Circuit, in *Gibbs v. Roman*, 116 F.3d 83 (3rd Cir.1997), held that an inmate filing a complaint pursuant to § 1915(g) must allege imminent danger at the time of the alleged incident that serves as the basis of the complaint rather than at the time the complaint was filed. *Gibbs*, 116 F.3d at 86. We read the statute to require the inquiry

9

> concerning the prisoner's danger to be made at the time of the IFP motion.
>
> In revising § 1915, the 104th Congress intended to discourage the filing of frivolous IFP law suits. *See* H.R.REP., No. 104-21, § 202, at 22 (1995). Congress designed the new IFP provision to require every IFP litigant to pay the requisite filing fees in full. 28 U.S.C. § 1915(b). However, IFP status allows an indigent litigant to make periodic partial payments as his ability to pay allows and does not require full payment before the litigation goes forward. Id. If a litigant abuses the IFP privilege, as evidenced by three "strikes" (dismissals for frivolousness), § 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full. * * * When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations. In order to implement this statutory scheme, we must determine if danger exists at the time the plaintiff seeks to file his complaint or notice of appeal IFP. Likewise, the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.
>
> Applying this standard to Banos, we conclude that he is not entitled to proceed with this appeal IFP. He has not alleged, much less established, that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed. We therefore REVOKE his IFP status and dismiss his appeal. The appeal may be reinstated if Banos pays the appeal fees within thirty days of this dismissal.

*Banos v. O'Guin*, 144 F.3d at 884-885 (footnote omitted from quotation). *See also Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (district court may dismiss case *sua sponte* under

10

"three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426 (E.D. Mich. 1997).

Although the use of pepper spray or a chemical munition on an inmate is, depending on the circumstances, a facially-valid civil rights claim, *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996), the use of the pepper spray took place more than two years before the plaintiff signed the amended complaint on February 29, 2008. *See Banos v. O'Guin*, 144 F.3d at 884-85 (in order to meet the "imminent danger of serious physical injury" exception to the three-strikes rule, the danger alleged must be imminent at the time that the plaintiff files complaint); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2nd Cir. 2002); and *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (allegations that prisoner has faced imminent danger in the past are insufficient to trigger an exception to § 1915(g)). In other words, the use of pepper spray — approximately two years ago — did not place the plaintiff under imminent danger of serious physical injury on February 29, 2008.

Moreover, the alleged verbal harassment, which is expressly alleged in the original complaint and alluded to in the amended complaint, does not constitute the violation of any federally protected right. *See Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,'

11

does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."). See also *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) ("Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest."), cert. denied, *Pittsley by Pittsley v. Warish*, 502 U.S. 879 (1991).

The plaintiff is not entitled to have his classification and custody level "lowered" or to receive a transfer to another SCDC prison. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. See *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975); and *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988) (collecting cases), affirmed, 887 F.2d 1080 (4th Cir. 1989)[Table]. In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984) (collecting cases).

It is known from other cases previously decided in this judicial district that South Carolina law confers no protected

liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See, e.g.*, the order of the Honorable Henry M. Herlong, Jr., United States District Judge, in *Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992), *citing Meachum v. Fano*, 427 U.S. 215 (1976). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978). In fact, it is well settled that the placement of inmates into administrative segregation units or similar units is a valid of means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D. Md. 1991). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *Anderson v. County of Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995) (prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"), *rehearing denied*, 75 F.3d 448 (9th Cir. 1995), *cert. denied, County of Kern v. Anderson*, 516 U.S. 916 (1995); and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence

imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"). Under the aforementioned cases, the plaintiff cannot obtain a federal court order transferring him from the Kershaw Correctional Institution to another prison or a federal court order lowering his SCDC custody level.

Although prison disciplinary proceedings are cognizable under 42 U.S.C. § 1983 pursuant to the holding in *Muhammad v. Close*, 540 U.S. 749 (2004), the prison disciplinary proceedings in October of 2007 did not place the plaintiff in danger of imminent danger of serious physical injury on February 29, 2008, when he signed the amended complaint. Finally, although the plaintiff's claims relating to the criminal charges in Edgefield County are facially cognizable pursuant to the Supreme Court's holding in *Wallace v. Kato*, 166 L.Ed.2d 973, 127 S.Ct. 1091 (2007), none of the named defendants are connected with the Solicitor's Office of the Eleventh Judicial Circuit or the Court of General Sessions for Edgefield County. In other words, since the officials of the South Carolina Department of Corrections and the Kershaw Correctional Institution are not employed by the Solicitor's Office of the Eleventh Judicial Circuit or the Court of General Sessions for Edgefield County, and have not been personally involved in the plaintiff's criminal case, liability under § 1983 may not be

imposed upon them. *See Wilson v. Cooper*, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996); and *Campo v. Keane*, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, 2007 U.S.Dist. LEXIS® 54010, 2007 WESTLAW® 2156632, *2 (D.S.C., July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*). Similarly, the South Carolina defendants in the above-captioned case cannot be held liable for actions of the District Attorney for Richmond County, Georgia, with respect to the charge of possession of a firearm by a convicted felon.

The plaintiff is not entitled to compensatory damages for emotional stress. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims. *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied, City of Borger v. Grandstaff*, 480 U.S. 916 (1987); and *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989). *See also* the Prison Litigation Reform

15

Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983. This provision is now codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional. See Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997), affirmed, 133 F.3d 459, 463 (7th Cir. 1997) ("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [Metro-North Commuter R.R. v. Buckley, 521 U.S. 424 (1997) (Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners. This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner

cases to determine whether they are subject to summary dismissal]. I also recommend that the District Court **deny** the plaintiff's motion to quash (Entry No. 31) and the plaintiff's motion for summary judgment (Entry No. 30). The plaintiff's attention is directed to the Notice on the next page.

March 11, 2008
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

17

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).