**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Willie S. Merriweather, # 240382, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Cecilia Reynolds, Warden of Kershaw )<br>Correctional Institution; )<br>Jon E. Ozmint, Director of SCDC; )<br>Dennis Patterson, Director of Inmate )<br>Records State Classification SCDC; )<br>Linda M. Coley, LPN; Doris A Cooke, )<br>of Medical Health Cares; Lt. James )<br>Jefferson, of Kershaw Correctional )<br>Institution; Cheryl Long, Case Manager; )<br>Jeanie Baker; James Wakeley; and Teresa )<br>Levy, in their individual and official )<br>capacities for money damages, )<br>)<br>    Defendants. )<br>_____) | C.A. No.: 2:07-3418-PMD-RSC<br><br>**<u>ORDER</u>** |

This matter is before the court upon the recommendation of the Magistrate Judge to dismiss the Plaintiff's above-captioned case without prejudice and without issuance of service of process. The record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On March 21, 2008, Plaintiff filed timely objections to the R&R.

**<u>BACKGROUND</u>**

Plaintiff ("Plaintiff" or "Merriweather") is an inmate with the South Carolina Department

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

of Corrections ("SCDC") serving a nine-year sentence of imprisonment for second-degree burglary (non-violent) at the Kershaw Correctional Institution. Plaintiff is proceeding *pro se*. On October 18, 2007, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The "Statement of Claim" portion of Plaintiff's Complaint reveals that this civil rights action arises out of: the use of pepper spray on the Plaintiff on February 13, 2006; an institutional disciplinary charge that adversely affected the Plaintiff's parole hearing; the Plaintiff's custody level; SCDC's failure to grant the Plaintiff's request for transfer to another SCDC prison; and SCDC prison disciplinary proceedings. Plaintiff seeks deletion of administrative disciplinary charges, dismissal of his pending criminal charges in Georgia and South Carolina, restoration of all privileges and good time credits, and $ 2,000,000 for the alleged damages to his eyes from the pepper spray, further unspecified damages for emotional distress, and injunctive relief against SCDC personnel.

The Magistrate Judge filed an R&R on November 19, 2007, recommending that this Court (1) deny Plaintiff's request to proceed without prepayment of filing fee and (2) dismiss Plaintiff's Complaint without prejudice because Plaintiff has filed more than three frivolous cases in this Court and did not sufficiently allege imminent danger of serious physical injury to permit him to proceed *in forma pauperis*. Following the Magistrate Judge's R&R, Plaintiff filed fifteen written objections, and also filed a Motion to Amend his Complaint. Although he submitted no Amended Complaint, this court granted his Motion to Amend on February 25, 2008.

Plaintiff filed an Amended Complaint on March 10, 2008. The matter was once again referred to the Magistrate Judge, who issued another R&R to this court on March 12. The R&R once again recommended that Plaintiff's case be dismissed without prejudice or service of process because Plaintiff has filed more than three frivolous cases in this Court and did not sufficiently

2

allege imminent danger of serious physical injury *in forma pauperis*. Plaintiff filed timely Objections to the R&R on March 21.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**ANALYSIS**

In his R&R, the Magistrate Judge judicially noted that Plaintiff has filed more than three (3) prior frivolous cases in this court;[2] therefore, under the "three-strikes" rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g),[3] Plaintiff is barred from pursuing any of the claims contained in his Complaint without first either (1) pre-paying the $350.00 filing fee or (2) demonstrating that he is under imminent danger of serious physical injury. The Magistrate Judge

---

[2] The cases in which the Magistrate Judge found that "strikes" have been entered against the plaintiff are Civil Action No. 8:97-2082-PMD-WMC, Civil Action No. 6:97-2132-PMD-WMC, Civil Action No. 6:97-3149-PMD-WMC, Civil Action No. 6:97-3150-PMD-WMC, and Civil Action No. 6:97-3178-PMD-WMC.

[3] 28 U.S.C. § 1915(g) provides,

> in no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

3

found that Plaintiff had not alleged that he was "under imminent danger of serious injury" and therefore did not qualify for this limited exception to § 1915(g) of the PLRA. Accordingly, the Magistrate Judge recommended that Plaintiff's claim be summarily dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(g).

A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). In the present case, Plaintiff did file a voluminous document of twenty-six (26) itemized Objections to the Magistrate Judge's R&R. For the most part, Plaintiff's Objections are not directly related to the legal issue at hand, and most of them border on incomprehensibility.

Several of the objections simply state a bare objection to the findings of the Magistrate Judge without explaining why Plaintiff believes a particular part of the R&R is incorrect. Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for such objections. 28 U.S.C. § 636 (b)(1). Generally stated, nonspecific objections have the same effect as would a failure to object. *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, such Objections will not survive dismissal.

Other of Plaintiff's Objections essentially simply restate his original grievances and reasons for filing the § 1983 Complaint. Plaintiff's Objections discuss that he believes he was unlawfully deprived of his "good time" credit, he was illegally transferred to another facility, he was denied segregation when he requested it, and he is being unfairly charged with crimes in several jurisdictions. Plaintiff also discusses the damages and remedies he is seeking in the action. However, these are not specific objections to the Magistrate Judge's recommendation to this court,

which was focused on Plaintiff's failure to demonstrate that he was in imminent danger of serious physical injury. Since these Objections do not object to the Magistrate Judge's reasoning in the R&R, such Objections are not a reason for this court to hold that Plaintiff's actions should survive dismissal.

Another category of Objections filed by Plaintiff objects to the Magistrate Judge's characterization of certain facts of the case as stated in the R&R. However, none of these allegedly incorrect factual statements (e.g., giving the incorrect name of a corrections officer, misstating the rank of another corrections officer) are material to the question of whether Plaintiff has shown the court that he is in imminent danger of serious physical injury. Accordingly, these Objections have no impact on the legal issue before the court, and are not a reason for the court not to dismiss Plaintiff's § 1983 suit.

In the entirety of Plaintiff's Objections, the court can only discern two actual, specific Objections to the legal recommendations of the Magistrate Judge.

First, Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff is, in fact, subject to the PLRA's "three strikes" provision. (Pl.'s Objections ¶ 1.) Plaintiff asserts that he has alleged emotional injuries, and therefore his claim is not barred under 28 U.S.C. § 1915(g). Plaintiff cites no legal authority for this interpretation of § 1915(g). In fact, Plaintiff is incorrect, and courts have specifically held that where a prisoner is alleging emotional damages, but has not shown that they are in imminent danger of physical harm, they can still be barred by the PLRA's "three strikes" provision. *See, e.g.*, *Thompson v. Gibson*, 289 F.3d 1218 (10th Cir. 2002).

Finally, Plaintiff objects to the Magistrate Judge's finding that he has not alleged that he is in imminent danger of physical harm. (Pl.'s Objections ¶¶ 11, 13, 20.) In order to make a valid

5

allegation of imminent danger of physical harm, the danger must exist at the time the complaint is filed. *Malik v. McGinnis*, 293 F.3d 559 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998). It is not sufficient to allege that one had been pepper sprayed on one occasion in the past. *McKelvie*, 239 F.3d 307. Nor is it sufficient to allege that one was in the past deprived of the appropriate medical care. *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996). Claims of this type could only be sufficient to show that one is in imminent danger of physical harm if the offensive behavior was so continuous or systematic as to give the court legitimate reason to believe that it was likely to persist. Here, Plaintiff did not allege in his complaint that the offensive behavior was so continuous that he was still in danger, thus the court concludes that his complaint did not allege that he was in imminent danger of physical harm.

However, in is Objections, Plaintiff alleges that there is a "serious of retaliation of continue threat's to my life," asserts that "I have enemies here at Kershaw every since the 2006, Feb 13 incident," and finally claims that he is in danger from prison gangs and that SCDC personnel have threatened to put him in a pink jumpsuit. However, unsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm. *See e.g.*, *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). *See also Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Plaintiff has not alleged to this court why he is in such danger, from whom, and any factual allegations that would give this court any reason to believe that he is actually in such danger. If pro se prisoners were allowed to get around § 1915(g) simply by claiming that they were in imminent danger of physical harm without providing the court with any substantial supporting allegations, it would completely defeat the purpose of § 1915(g). This is

precisely what Plaintiff is attempting to do in the present case. Accordingly, Plaintiff's broad allegations of danger contained in his Objections are insufficient to survive the dismissal of this action.

## CONCLUSION

For the foregoing reasons, the court adopts the Magistrate Judge's recommendation that Merriweather's Complaint be dismissed without prejudice because he failed to pay the full filing fee or demonstrate an imminent danger of serious physical injury.

**AND IT IS SO ORDERED.**

*PATRICK MICHAEL DUFFY*
United States District Judge

**Charleston, South Carolina**
**May 11, 2008.**